HARRY H. KERCHEVAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HARRY H. KERCHEVAL AND BETTY J. KERCHEVAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kercheval v. Commissioner
Docket Nos. 6201-76, 6202-76.
United States Tax Court
T.C. Memo 1980-400; 1980 Tax Ct. Memo LEXIS 180; 40 T.C.M. (CCH) 1281; T.C.M. (RIA) 80400; September 18, 1980, Filed *180 Respondent determined the taxable income from petitioner's accounting practice, by use of the bank deposits method, for 1970, 1971, 1972, and 1973. Petitioner failed to file returns for 1970, 1971, and 1972 and failed to pay the estimated tax for those years. Petitioners' 1973 return was filed on December 5, 1975. Held, amount of income from petitioner's accounting practice determined. Heldfurther, petitioner is liable for the additions to tax under sections 6651(a) and 6653(a) for 1970, 1971, 1972, and the addition to tax under section 6654 for 1970, 1971, and 1972. Heldfurther, petitioners are liable for the additions to tax under sections 6651(a) and 6653(a) for 1973. Elsie Hall, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent has determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Docket [1]
Taxable
Nos.
Year
Deficiency
Sec. 6651(a) [2] *181 Sec. 6653(a)
Sec. 6654
6201-76
1970
$ 2,625.62
$ 656.40
$ 131.28
$ 84.03
1971
1,407.40
351.85
70.37
45.03
1972
1,541.47
385.37
77.07
49.32
6202-76
1973
1,876.03
469.01
106.68
The issues presented for our decision are: (1) whether respondent properly determined the gross income of petitioner, Harry H. Kercheval, for the taxable years 1970, 1971 and 1972 and of petitioners, Harry H. and Betty J. Kercheval, for the taxable year 1973 by means of the bank deposits method; (2) whether petitioners' failure to timely file tax returns for the years at issue was due to willful neglect under section 6651(a)(1); (3) whether petitioners' underpayment of tax, if any, for the years at issue was due to negligence or intentional disregard of rules and regulations under section 6653(a); and (4) whether petitioner, Harry H. Kercheval, is liable for the addition to tax under section 6654 for failure to pay his estimated tax for the taxable years 1970, 1971 and 1972. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, and the exhibits attached thereto are incorporated herein by this reference. Petitioners, Harry H. and Betty J. Kercheval, are husband and wife who, at all time pertinent to this case, resided *182 in Richmond, Indiana. Petitioners were married in 1973. Petitioner, Harry H. Kercheval, did not file income tax returns for the taxable years 1970, 1971 and 1972. Petitioners' joint income tax return for the taxable year 1973 was filed on December 5, 1975 with the Internal Revenue Service Center, Memphis, Tennessee. Because petitioner, Betty J. Kercheval (hereafter Betty) is a party herein solely by reason of the filing of a joint return for 1973, references hereinafter to petitioner shall be to Harry H. Kercheval. Petitioner has been continuously employed as a public accountant for approximately 25 years. During the years in issue petitioner operated his public accounting business in Richmond, Indiana. Petitioner also operated the Richmond Loan Association Exchange during this time. The Richmond Loan Association Exchange exchanges information among small loan companies with respect to outstanding obligations of loan applicants. Petitioner maintained checking account #148156 at the First National Bank of Richmond during the years in issue. The following amounts were deposited to account #148156: Gross
Income
Taxable Year
Deposits
Amounts [3] *183 1970
$20,294.84
$ 19,815.09
1971
20,418.46
20,108.85
1972
20,261.96
20,243.11
1973
2,713.42
2,324.08
Sometime prior to 1973, a second checking account, #164607, was opened at the First National Bank of Richmond in the name of Betty J. Williams (Betty's maiden name). During 1973 petitioner deposited $16,888.24 in account #164607, of which $16,833.24 represented items of gross income. During 1969 petitioner acquired a distributorship from Koscot Interplanetary, Inc. (Koscot) for which petitioner paid $4,500. On July 14, 1977 Koscot was discharged in bankruptcy in the United States District Court for the Middle District of Florida. During respondent's audit examination, petitioner supplied his workpapers for 1970, 1971, 1972 and 1973 to the examining revenue agent. Petitioner claims certain business expenses in excess of those allowed by respondent. Respondent has determined that petitioner is entitled to the following deductions relating to his accounting practice: [4] *184 1970
1971
1972
1973
Depreciation
$0
$0
$ 88.80
$ 226.50
State taxes
85.25
Interest
0
0
0
0
Utilities
748.05
Office Supplies
394.07
Advertising
90.00
Auto Expense
0
0
0
0
Office Cleaning
342.00
Loss from Koscot
0
0
0
0
Miscellaneous
0
0
0
0
Petitioner claims that he is entitled to deductions in the following amounts: Depreciation
$253.76 [5]
$ $ 88.80
$ 226.50
State taxes
228.94
Interest
886.60
738.68
678.52 [6]
905.67
Utilities
847.68
1970
1971
1972
1973
Office Supplies
$ $ 41.25
$ 614.54
$ 108.50
Advertising
169.50
Auto Expense
Unclear [7] *185 Unclear
Unclear
2,250.00
Office Cleaning
364.50
Loss from Koscot
7,000.00 [8]
Miscellaneous [9]
Unclear
Unclear
Unclear
Unclear Petitioner filed for an automatic *186 extension of time to file his return for 1970. Respondent denied this request. Petitioner made estimated tax payments in 1973 but failed to make such payments in 1970, 1971, and 1972. These cases were originally set for trial on the June 20, 1977 trial calendar and again on February 13, 1978. Petitioner's failure or refusal to meet with respondent caused the continuance of these cases. Petitioner failed to appear at the trial even though he was personally contacted and requested to appear. Petitioner claimed that it was too foggy to drive from Richmond to Indianapolis (about 1-1/2 hours by car) for the trial. Respondent's sole witness, James R. McNabb, drove from Richmond to Indianapolis the morning of petitioner's trial in approximately the normal driving time. Petitioner reported net income of $3,244.59 for his accounting practice for 1973. Respondent, in two notices of deficiency (both dated April 6, 1976), determined petitioner's net income from his accounting practice to be $10,576.81, $6,485.44, and $7,427.44 and $11,175.23 for 1970, 1971, 1972 and 1973, respectively. OPINION Petitioner contends that respondent's computation of petitioner's gross income from his accounting *187 practice fails to take into account various deductions to which petitioner is entitled. Respondent argues that petitioner has failed to establish any deductions other than those allowed by respondent. Petitioner filed no tax returns for 1970, 1971 and 1972, nor did petitioner make estimated tax payments for those years. Petitioner filed a 1973 joint Federal income tax return on December 5, 1975.Respondent reconstructed petitioner's income from his accounting practice by use of the bank deposits method. Petitioner contends that respondent's use of the bank deposits method was improper because respondent's determination was made without petitioner's supervision and because respondent never examined the "actual records" of petitioner, but only examined petitioner's cancelled checks and deposit slips. The bank deposits method is properly used to determine income by respondent where petitioner has failed to maintain adequate records, Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Petitioner failed to file tax returns for 1970, 1971, and 1972 and maintained woefully inadequate records, particularly when one considers petitioner's profession. *188 Respondent is thus justified in the use of the bank deposits method to reconstruct petitioner's income. There simply is no requirement that respondent must be supervised by petitioner in the bank deposits computation of petitioner's income. Respondent's determination of petitioner's income from his accounting practice was made by use of petitioner's worksheets, checks and deposit slips. The inadequacy of petitioner's "actual records" caused respondent's use of the bank deposits method. Hence, petitioner's contention that the bank deposits method must utilize his actual records is mistaken, for if such records were accurate then there would be no need for respondent to resort to an indirect method of determining petitioner's income. Petitioner bears the burden of proof in establishing his entitlement to further deductions, Rule 142(a), Tax Court Rules of Practice and Procedure. With the exception of some miscellaneous expenses and interest payments, petitioner has failed to satisfy his burden. Petitioner claimed a business loss under section 165 [10], of $7,000 from his Koscot distributorship. From the evidence submitted by petitioner only $4,500 was paid for his inventory from *189 Koscot. Petitioner, in his brief, claimed this loss in 1970 and 1971, while in the stipulation of facts, petitioner claimed the loss occurred in 1969. Lastly, petitioner has not established that any loss ever occurred, only that Koscot subsequently declared bankruptcy. Petitioner also claims deductions for depreciation totalling $253.76. Petitioner did not specify in which years these deductions should be taken, nor whether the payments made in this amount were for property used in his accounting practice. [11] *190 Petitioner merely submitted three checks and argued that he was thus entitled to a deduction for depreciation. Petitioner's contention that he is entitled to an additional deduction under section 164 [12] *191 for state taxes paid must also be rejected. Petitioner submitted no evidence with respect to the additional $143.69 claimed for 1971. Respondent has submitted a schedule of interest paid by petitioner in the amounts of $886.60, $738.68 and $373.96 for 1970, 1971 and 1972, respectively. In 1972 Betty paid $304.56 interest for petitioner (see note 6, supra). Respondent has disallowed these claimed interest deductions because petitioner has shown no connection between the interest payments and petitioner's accounting practice. Additionally, respondent has disallowed a deduction for the amounts paid by Betty because petitioner did not reimburse her for such payments. Section 163(a) allows as a deduction all interest paid or accrued within the taxable year on indebtedness.There is no statutory requirement that such interest be business related. Accordingly, save for amounts paid by Betty in 1972, petitioner is entitled to deductions for the interest paid by him during 1970, 1971 and 1972. On their 1973 return petitioners claimed, and respondent allowed, an interest deduction in the amount of $855.81. Stipulated documents reveal $576.25 in interest paid during 1973. It is impossible to tell from these documents and petitioners' 1973 return which interest payments were deducted on their 1973 return. *192 On the other hand, it is apparent that not all of the interest payments disclosed in the stipulated documents were deducted on petitioners' 1973 return. Using our best judgment to avoid allowing petitioners a double deduction for the same amounts and to avoid depriving petitioners of an allowable deduction we find that petitioners are entitled to an additional 1973 interest deduction of $50. Petitioner also seeks to deduct payments for utilities in excess of those allowed by respondent. In 1972, Betty paid $43.60 which petitioner claims as a deductible business expense. Petitioner is not entitled to deduct the amounts which Betty paid without establishing reimbursement to Betty. Petitioner also claims a deduction for $56.03 for payments made to Clearview Cable T.V. Petitioner has not shown any connection between the payments and his accounting practice and thus may not deduct them. Lastly, petitioner seeks to deduct an additional $48.06 for utility expenses in 1972. Petitioner has submitted no proof that this amount was ever paid for utilities. Respondent allowed office supplies expense of $394.07 in 1972. Petitioner claims an additional deduction of $59.96 for payments made *193 by Betty. As discussed above, without proof of reimbursement to Betty, petitioner is not entitled to deduct expenses paid by Betty. Petitioner has also failed to show that the additional $79.50 in alleged advertising expenses claimed in 1970 had any business connection whatsoever.Accordingly, petitioner is not entitled to any additional deduction for advertising purposes. Respondent allowed petitioner nothing for automobile expenses. Petitioner claimed business-related automobile expenses of $2,250 on his 1973 return, which amount was disallowed by respondent. Petitioner, on brief, asserts his right to a deduction for automobile expenses based solely on the mileage of an automobile petitioner owned from July 1974 to August 1978. Attached to petitioner's brief are a sworn affidavit, an odometer mileage statement (dated August 4, 1978), a State of Indiana vehicle inspection statement dated August 2, 1976 and a $4.00 inspection receipt from Don Dale Chevrolet, Inc. dated September 1, 1977. Petitioner has marked these various papers as "exhibit 3." However, petitioner has failed to introduce these documents into evidence and thus they are irrelevant. [13] Furthermore, documentation *194 of petitioner's auto mileage for 1974 through 1978 does not establish that petitioner used his auto for business purposes during the years at issue nor does it establish petitioner's auto mileage during the years at issue. Petitioner also claims an additional $22.50 in office cleaning expenses for 1972.This amount was paid by Betty and petitioner has presented no proof of reimbursement. Petitioner is thus denied an additional deduction for office cleaning expenses. Lastly, petitioner submitted a large number of miscellaneous receipts for the years in issue. Many of the receipts have no apparent connection with petitioner's accounting business (such as receipts for soft drinks, flowers, car wash and television repairs) while others are illegible or made out simply to "cash." However, in this farrago of documents are several items from office supply companies which we find have a connection with petitioner's accounting business. Keeping in mind that we must bear heavily upon the petitioner *195 "whose inexactitude is of his own making," Cohan v. Commissioner,39 F.2d 540, 544 (2nd Cir. 1930) we find the following amounts deductible by petitioner as business expenses: [14]
Taxable
Year
Amount
1970
$15.00
1971
70.00
1972
35.00
1973
50.00 [15]
Respondent has determined that petitioner is liable for the addition to tax provided by section 6651 (a) [16] for late filing. Petitioner, a practicing accountant, never filed income tax returns for 1970, 1971 and 1972. Petitioner and Betty filed their 1973 joint income tax return on December 5, 1975. Petitioner did not apply for extensions to file returns, except for the year 1970, which application was denied by respondent. Petitioner has presented no evidence to show that his failure to file returns on the prescribed dates was due to reasonable cause and not willful neglect, nor does petitioner contend on brief that reasonable cause existed. Accordingly, petitioner *196 is liable for the section 6651(a) addition to tax for 1970, 1971 and 1972 and petitioners are liable under section 6651(a) for 1973. Respondent has also determined that petitioner is subject to the addition under section 6653(a) [17] for 1970, 1971 and 1972 and that petitioners are subject to the section 6653 (a) addition for 1973. Section 6001 and the regulations promulgated thereunder clearly require petitioner to keep adequate records. Petitioner has failed to maintain *197 adequate records, to the contrary, petitioner's records are grossly insufficient to determine the income from petitioner's accounting practice. Respondent's determination under section 6653(a) must be upheld. See Smith v. Commissioner, 66 T.C. 622 (1976). Petitioner failed to file and pay his estimated tax for 1970, 1971 and 1972. Accordingly, respondent assessed additions to petitioner's tax for those years under section 6654(a). [18] The section 6654 addition is imposed regardless of the presence of reasonable cause for the failure to pay, section1.6654-1(a), Income Tax Regs. Petitioner has not demonstrated that he is not liable for the estimated tax and therefore respondent's determination must be *198 sustain. See Bagur v. Commissioner [Dec. 33,951], 66 T.C. 817 (1976).
To reflect concessions made by respondent and in accordance with our holdings, Decisions will be entered under Rule 155. Footnotes
1. Upon the motion of respondent, the cases herein have been consolidated for trial and briefing. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue.
3. By agreement of the parties and concessions by respondent, these amounts and the 1973 amount for account #164607 represent gross income of petitioner for each of the years in issue.
4. Items represented by a dash in this chart and the following chart are not in dispute. Depreciation for 1973 of $226.50 is the amount allowed by respondent on petitioner's 1973 return. All other deductions allowed by respondent were obtained either from petitioner's work papers or by examination of the relevant checking accounts.
5. Petitioner submitted three checks in the amounts of $100, $83.50 and $70.26 made out to Bullerdick Furniture ($100 and $83.50) and Ayr-way, respectively. Petitioner submitted no further documentation in support of his claim for additional depreciation. The checks were dated February 10, 1970, May 19, 1970 and February 14, 1970, respectively. For convenience we have assigned these claimed deductions to 1970 because petitioner has not claimed these amounts for any particular year or years. ↩
6. Of this amount, $373.96 was paid by Harry H. Kercheval and $304.56 was paid by Betty J. Williams.↩
7. Petitioner claims auto expense deductions based on the mileage of his automobile purchased in July 1974 and sold in August 1978. The amounts of and years for which petitioner claims these deductions are entirely speculative on the record. In his brief petitioner claims 17,577 miles per year of business travel based on mileage from July 1974 to August 1978. Petitioner has supplied no amount per mile for this alleged expense. 8. Petitioner's alleged $7,000 loss from his investment in Koscot is not attributed to any specific year in his petition. On brief, petitioner claims a section 165 business loss for an investment which "became worthless in 1970 and 1971." In the stipulation of facts, petitioner alleged that the distributorship became worthless in 1969. ↩
9. Petitioner submitted packets of various receipts and photocopies of receipts, some made out to "cash" and some made out to petitioner. These receipts covered items such as photocopy paper, soft drinks, flowers, picture frames, etc. Many of the receipts are illegible and undated. The amount claimed by petitioner cannot be determined from these receipts and petitioner has provided no figure for such expenses.↩
10. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business.↩
11. SEC. 167. DEPRECIATION. (a) General Rule.--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- (1) of property used in the trade or business, or (2) of property held for the production of income.↩
12. SEC. 164. TAXES. (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. (5) State and local taxes on the sale of gasoline, diesel fuel, and other motor fuels. In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).
13. Rule 143(b), Tax Court Rules of Practice and Procedure↩ states, in pertinent part, that ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence.
14. Respondent has also conceded that petitioner is entitled to deductions for bank charges incurred of $10 in 1971 and $40.48 in 1972.↩
15. Some of the miscellaneous expenses incurred in 1973 were deducted on petitioner's 1973 joint income tax return and thus cannot be deducted again by petitioner.↩
16. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is not for more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩
17. SEC. 6653. FAILURE TO PAY TAX.
(a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
18. SEC. 6654. FAILURE BY INDIVIDUALS TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax.--In the case of any under-payment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)).↩